IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID MCALPINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:15-cv-00954 |
| | § | |
| THE NORTHWESTERN MUTUAL | § | |
| LIFE INSURANCE COMPANY AND | § | |
| DAVID THORPE, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") files this notice of removal and states:

1. **The Lawsuit.** Plaintiff David McAlpine ("Plaintiff") filed his First Amended Original Petition on November 20, 2015, in the 153rd Judicial District Court of Tarrant County, Texas, being numbered 153-279972-15 on the docket of said court seeking to recover benefits under a disability insurance policy issued to Plaintiff by Northwestern Mutual. Plaintiff has asserted claims for breach of contract, alleged violations of the Texas Insurance Code, and bad faith. Northwestern Mutual denies Plaintiff's allegations.

2. **Diversity Jurisdiction.** Plaintiff was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal. Northwestern Mutual is a corporation organized under the laws of the state of Wisconsin with its principal place of business located in Milwaukee, Wisconsin. Northwestern

___

Mutual was a citizen of Wisconsin at the time this action was filed and remains a citizen of Wisconsin as of the date of this removal. Additionally, Plaintiff seeks total disability benefits under the policy beginning on December 20, 2013. The disability benefits in dispute currently exceed $100,000 and Plaintiff is also seeking to recover treble damages and attorneys' fees. Accordingly, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, complete diversity of citizenship exists between Plaintiff and Northwestern Mutual, and the amount in controversy is satisfied. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed by Northwestern Mutual pursuant to 28 U.S.C. § 1441. Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this district and division.

    3.    **<u>Fraudulent Joinder of Thorpe</u>**. The Court may disregard the citizenship of Defendant David Thorpe ("Thorpe"), as he has been fraudulently joined by Plaintiff solely to prevent the removal of this action by defeating diversity of citizenship. Thorpe is employed by Northwestern Mutual as a Field Benefit Consultant. *See* Affidavit of David Thorpe, attached as Exhibit "A." Mr. Thorpe interviewed the Plaintiff during the claim investigation process prior to the claim determination. *Id.* Mr. Thorpe did not make or participate in the claim decision at issue. *Id.* Moreover, other than a vague allegation that Thorpe "participated" in the denial of Plaintiff's benefits, Plaintiff's First Amended Original Petition does not contain <u>any</u> allegations regarding Thorpe, much less allegations of wrongdoing on the part of Thorpe that were a producing cause of damages

to Plaintiff.  The only reason that Thorpe was sued in this case was to prevent removal, and his citizenship should be disregarded.

4. **State Court Documents Attached.**  Northwestern Mutual was first served through its registered agent on December 1, 2015.  As such, this removal is timely under 28 U.S.C. § 1446(b).  Pursuant to Local Rule 81, attached hereto as Exhibit "B" is an Index of State Court Matters, which contains true and correct copies of all process, pleadings, or orders received or filed in this action as of the filing of this removal.  Also attached hereto as Exhibit "C" is a Certificate of Interested Parties.

5. **Plaintiff's Original Petition Was Never Served on Northwestern.**  As the Court can see from reviewing the attached State Court documents, Plaintiff filed his Original Petition on July 27, 2015.  The State Court documents also show that Plaintiff's Original Petition was served on Corporation Service Company ("CSC") on July 30, 2015.  However, CSC is not Northwestern Mutual's registered agent for service of process in Texas.  Rather, Northwestern Mutual's registered agent for service of process is (1) the Texas Department of Insurance, 333 Guadalupe Street, P.O. Box 149104, Austin, TX 78714-9104 or (2) C. Tait Cruse, 2 Lincoln Center, Suite 1300, 5420 Lyndon B. Johnson Freeway, Dallas, TX 75240-6299.  The First Amended Petition was properly served on C. Tait Cruse on December 1, 2015.  The Original Petition that was served on CSC was never received by Northwestern Mutual.  Based on the foregoing, Northwestern Mutual's removal to federal court is timely.  *See* Affidavit of LuAnne Purdy, attached as Exhibit "D."

6. **Relief Requested.**  Northwestern Mutual respectfully request that the United States District Court for the Northern District of Texas, Fort Worth Division, accept this notice of removal and that it assume jurisdiction of this cause and issue all such further orders and processes as may be necessary to bring before it all parties necessary for the final trial hereof.

Respectfully submitted,

By: /s/ Bill E. Davidoff
Bill E. Davidoff
State Bar No. 00790565
bill.davidoff@figdav.com
Amber D. Reece
State Bar No. 24079892
amber.reece@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
TEL: 214.939.2000
FAX: 214.939.2090

ATTORNEYS FOR DEFENDANTS
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY AND DAVID
THORPE

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

/s/ Bill E. Davidoff
Bill E. Davidoff