**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DAVID MCALPINE,**<br>**Plaintiff,** | §<br>§ | |
| | § | |
| **V.** | § | |
| | § | |
| **THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY AND DAVID THORPE,**<br>**Defendants.** | §<br>§<br>§<br>§ | **C.A. NO. 4:15-cv-00954** |

**PLAINTIFF DR. DAVID MCALPINES' BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Dr. David McAlpine files this Brief in Support of its Response to Defendants' Motion for Summary Judgment and states:

## II. SUMMARY

Plaintiff agrees that the primary question in this case is whether Plaintiff is entitled to partial or total disability benefits under the terms of two Northwestern Mutual disability income policies. Plaintiff contends that question is a question of fact.

The Policies in question Provide as follows:

> **1.2 FULL BENEFIT FOR TOTAL DISABILITY**
> The Full Benefit is payable for each month of total disability between the Beginning Date and the end of the Maximum Benefit Period.
>
> **Total Disability.**
> Until the end of the Initial Period, the Insured is totally disabled when he is unable to perform the principal duties of his occupation. After the Initial Period, the Insured is totally disabled when he is unable to perform the principal duties of his occupation and is not gainfully employed in any occupation. (See Exhibit #1 Page 8, and McAlpine Affidavit Paragraphs 3-11)

There is no question Dr. McAlpine was disabled, and there is also no question the "Principal" Duties of his profession was Obstetrics. Dr. McAlpines' Affidavit clearly establishes that the

majority of his practice was Obstetrics, and that his chronic degenerative arthritic condition prevented him from practicing Obstetrics, which caused a dramatic reduction in his income. (See McAlpine Affidavit Paragraphs 3-19). Not only that, but by losing his Obstetrics Practice he is cut off from his best source of Gynecology Patients, and was the death knell for his practice and chosen occupation (See McAlpine Affidavit Paragraphs 3-19)

Plaintiff has clearly established a fact issue regarding the "Principal Duties of his Occupation and whether Dr. McAlpine is Totally or Partially Disabled.

Plaintiffs' contend that the question of whether Dr. McAlpine is Totally or Partially Disabled cannot be established as a matter of law, and must be decided as a question of fact.

Dr. McAlpine further establishes that this eventuality is exactly why he purchased these policies, and that he asked for and received assurances regarding these very issues from Northwest Mutual prior to purchasing one and continuing to pay the premiums, which assurances were happily provided. (See McAlpine Affidavit Paragraphs 4-14 and Exhibit 2 Malagaska Letter)

What Mr. Malagaska did not say was that one day Northwest Mutual would ask this Court to unilaterally rule that he was really more Gynecologist than Obstetrician was only partially disabled without a fair hearing and a Trial on the Merits. In spite of the fact that Plaintiff has delivered 10,000-15,000 healthy babies in his career. (See McAlpine Affidavit Paragraph 12 and Exhibit 2 Malagaska Letter)

**ARGUMENT**

Defendant has taken it upon itself to determine that the principal duties of Plaintiffs chosen occupation were both Obstetrics and Gynecology interchangeably, and that just because he can no longer practice Obstetrics, but he can practice some Gynecology, he cannot be Totally Disabled as a matter of Law. This not only ignores the Policies Terms, but its intent and spirit as

well. 10,000-15,000 healthy babies demand that Dr McAlpine be allowed a Trial on the Merits as to whether he was more Gynecologist than Obstetrician.

## III. GROUNDS TO DENY SUMMARY JUDGMENT

1. Plaintiff has established a legitimate fact issue regarding whether Dr. McAlpine is Totally or Partially Disabled.

2. There is a legitimate fact issue regarding Plaintiffs' claims for alleged violations of Chapter 541 of the Texas Insurance Code and Section 17.50 of the DTPA and Chapter 541 of Texas Insurance Code and Section 17.50 of the DTPA because Northwestern Mutual did not have a reasonable basis for determining that Dr. McAlpines' Disability was Partial not Total.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that the Court enter an Order denying Defendants Motion for Summary Judgment.

Respectfully submitted,

By: /s/Phillip Baldwin, Jr.

Phillip Baldwin, Jr.
State Bar No. 01629200
pbbjr@msn.com
PHILLIP BALDWIN, JR.
ATTORNEY AT LAW
4412 Rosewood
Marshall, TX 75672
Mailing Address
PO Box 1948
Marshall, TX 75671
Tel: 903.926.1095
Fax: 210.568.6959

and

Jonathan Winocour
State Bar No. 24037730
jwinocourt@winocourlaw.com
WINOCOUR LAW
9400 N. Central Expressway, Suite 1204
Dallas, TX 75231
Tel: 214.575.6060
Fax: 214.575.6220
ATTORNEYS FOR PLAINTIFF
DAVID MCALPINE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2017, a true and correct copy of the above and foregoing document has been served via email to:

/s/ Phillip Baldwin Jr
Phillip Baldwin Jr

Opposing Counsel:

Bill E. Davidoff
State Bar No. 00790565
bill.davidoff@figdav.com

Amber D. Reece
State Bar No. 24079892
amber.reece@figdav.com

Kim Helms
kim.Helms@figdav.com

Amy Gatlin
amy.gatlin@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
TEL: 214.939.2000
FAX: 214.939.2090
ATTORNEYS FOR DEFENDANTS
THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY AND DAVID
THORPE